# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

DONALD RAY LUCAS                                                                        PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:08CV-P301-S

PROBATION AND PAROLE *et al.*                                         DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the complaint will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff Donald Ray Lucas is a convicted inmate currently incarcerated in the Kentucky State Penitentiary. He filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 claiming Eighth, Eleventh and Fourteenth Amendment violations. He sues the following Defendants: 1) "Probation -n- Parole"; 2) Larry Pilcher, Director of Next Step Center; 3) Ed Rice, "Helper" at Next Step Center; 4) Ed Wall, parole officer in Louisville; 5) Teresa Actwell, Director of the Parole Office in Louisville; 6) William Stone, parole officer in Louisville; 7) Mike McMahan, parole officer in Elizabethtown; 8) Todd, owner of Western Hostal; 9) "Tim N Sally," workers at Western Hostal; 10) Robert Glenn, worker at Vision of Hope; and 11) Letha Stewart, preacher and Director of House of Deliverance.

Plaintiff claims that he was deprived of adequate housing and amenities at various halfway houses while he was on probation from the Kentucky Department of Corrections. He claims that the Defendant managers/owners of the halfway houses failed to provide contracted services, harassed him, and made false allegations resulting in the revocation of his probation.

More specifically, Plaintiff claims that Letha Stewart of the House of Deliverance harassed and placed him in jail in December 2005. He was then sent to Central State Hospital, and on January 31, 2006, he was placed in Western Hostal, where "Tim N Sally" harassed him for rent and owner Todd did nothing about his complaints. In March 2006, Plaintiff complained to Parole Officer Bill Stone about Western Hostal. Because of this, Letha Stewart and "Tim N Sally" had Plaintiff arrested on false allegations. Consequently, on March 23, 2006, Parole Officers Bill Stone, Mike McMahan, and Teresa Actwell placed Plaintiff in jail on a "PV Warrant."

At the revocation hearing, claims Plaintiff, the parole officers made false allegations against him; he was not allowed to present his defense or tell his side of the story; and he was not "affor[d]ed adequate representation through the probation revocation process." The judge released Plaintiff on new conditions on June 6, 2006.

On June 19, 2006, Parole Officer Actwell placed Plaintiff in Vision of Hope, where Plaintiff was again allegedly harassed and where fraud allegedly occurred. Plaintiff complained to Parole Officers Actwell and Ed Wall about Robert Glenn at Vision of Hope, but Plaintiff's complaints were not addressed. On July 25, 2006, Plaintiff started a new program called R.S.V.P., where he endured more harassment by Parole Officer Ed Wall. On August 28, 2006, Vision of Hope was shut down due to Robert Glenn's fraud, and, on the following day, Plaintiff was placed in the Next Step Center where more harassment came from Larry Pilcher, Ed Rice, and Pilcher's staff. Plaintiff told Parole Officer Ed Wall that he wanted to live on his own, but Ed Wall would not authorize that request. On November 9, 2006, Larry Pilcher threw Plaintiff out of the Next Step Center and made false allegations to Parole Officer Ed Wall to have

2

Plaintiff sent back to prison. Plaintiff claims that Parole Officer Ed Wall made false allegations to get a warrant and that Larry Pilcher made false allegations at his revocation hearing.

As relief, Plaintiff seeks monetary and punitive damages and injunctive relief in the form of investigation and closing of the halfway houses and investigation of Defendants for fraud and other crimes.

## II. **STANDARD OF REVIEW**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual

allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. Ann. § 413.140(1). *Collard v. Ky. Bd. of Nursing*, 896 F.2d

4

179, 182 (6th Cir. 1990). Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). The Supreme Court has recently held that when the face of the complaint shows that an action is time barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Plaintiff claims that he was deprived adequate housing and amenities through November 9, 2006, in various halfway houses ran and/or owned by Defendants Pilcher, Rice, Todd, "Tim N Sally," Glenn, and Stewart and that also during that time period, Defendant Todd and Defendant Parole Officers Actwell and Wall failed to listen to his complaints. These § 1983 claims accrued in November 2006, and expired one year later on in November 2007. Because Plaintiff did not file the complaint until June 4, 2008,[1] over six months after the expiration of the limitations period, the claims are time-barred and must be dismissed.

As to the remaining claims of false allegations by the halfway-house Defendants and the parole office Defendants which led to his probation revocation and incarceration, these claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under the *Heck* doctrine, a state prisoner may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on his claim would render the conviction or sentence invalid, until and unless the

---

[1] Under the "prison mailbox rule," "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Plaintiff certifies that the complaint was delivered to the prisoner mail system for mailing on June 4, 2008.

conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

In the instant case, were the Court to find that Defendants violated Plaintiff's due process rights by making false allegations in the probation violators warrant and revocation hearing, such an action would necessarily demonstrate the invalidity of Plaintiff's probation revocation and his current confinement. The due process claims are, therefore, barred by *Heck* and must be dismissed without prejudice for failure to state a cognizable claim upon which relief may be granted.

As all claims are dismissed, the Court will dismiss the action by separate Order.

Date: February 22, 2010

**Charles R. Simpson III, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4411.005